ALFORD, Judge.
Appellant-defendant, Sarah Alexander, was charged with the second degree murder of her common-law husband, Roger “Jack” Johnson, LSA R.S. 14:30.1. She was subsequently convicted by a jury and sentenced to life imprisonment at hard labor without benefit of probation, parole or suspension of sentence.
Appellant and the victim had been living together for several years but had separated a few weeks before the shooting. On the night of the murder, appellant and two friends walked to a nearby lounge. Upon reaching the lounge, appellant noticed that Mr. Johnson’s car was parked on the street. Appellant proceeded to enter the lounge while her friends waited outside. Shortly thereafter, the victim and appellant emerged from the lounge and walked towards Mr. Johnson’s car. Witnesses testified that Mr. Johnson appeared to give appellant some money. As they approached the car, appellant removed a gun hidden in her clothing and shot the victim in the back. Mr. Johnson managed to get inside his car, at which time appellant broke the car window and shot him another two times. Mr. Johnson bled to death as a result of one of the bullets perforating his aorta.
Appellant has only briefed one of the three assignments of error she alleges and thus, tho^e assignments not briefed are considered abandoned. Uniform Rules of the Courts of Appeal, Rule 2-12.4. In her remaining assignment of error, appellant alleges that the trial court erred in overruling a defense objection to exercising peremptory challenges one at a time.[1]
*695 It is appellant’s contention that the trial court’s refusal to require the state to exercise all of its peremptory challenges at once unfairly prohibited her right to full voir dire examination. The prospective jurors were called up in panels of six for examination. Rather than having the state use its peremptory exceptions all at once, the court focused on one prospective juror at a time first asking the state for challenges and then the defense.
Appellant maintains that this procedure results in undue focus on individual jurors with the remaining prospective jurors given to speculation about patterns of exercise of challenges. Additionally, appellant maintains that this procedure forced her to use challenges she would not have had to use had she known of those that the state planned to use. Most notable, however, appellant does not allege that she was forced to accept an unsatisfactory juror because of this procedure.
We find no merit to appellant’s argument. LSA C.Cr.P. art. 788 provides in pertinent part, “After the examination provided by article 786, a prospective juror shall be tendered first to the state, which shall accept or challenge him. If the state accepts the prospective juror, he shall be tendered to the defendant who shall accept or challenge him.” We fail to see how this statutory provision mandates the state to use all of its peremptory challenges at once. Additionally, the trial court has the authority to control the proceedings at trial. LSA C.Cr.P. art. 17.
AFFIRMED.

. Prior to trial, the court and defense counsel discussed in chambers the manner in which voir dire was to be conducted. Defense counsel objected to the method proposed by the judge, *695 which is the normal method exercised in his court. Although defendant’s objection was actually made prior to voir dire, when the parties returned to the courtroom, the court ordered defendant’s objection noted in the record.